**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

OCT 12 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CHARISSA DAWN WILSON, | No. 19-17204 |
| Plaintiff-Appellant, | D.C. No. 4:18-cv-00150-EJM |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM* |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Eric J. Markovich, Magistrate Judge, Presiding

Submitted October 7, 2021**

Before: THOMAS, Chief Judge; HAWKINS and McKEOWN, Circuit Judges.

Charissa Dawn Wilson appeals pro se the district court's affirmance of the

Commissioner of Social Security's denial of her application for Supplemental

Security Income benefits under Title XVI of the Social Security Act. 28 U.S.C.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

§ 1291 and 42 U.S.C. § 405(g).  We review de novo, and the Commissioner's decision must be affirmed if supported by substantial evidence, and if the Commissioner applied the correct legal standards.  *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016).  If the evidence is "susceptible to more than one rational interpretation," we are required to affirm.  *Id.* (citation omitted).  We affirm.

Contrary to Wilson's contention, the ALJ considered all her alleged impairments at step two of the analysis.  By definition, an impairment is "severe" at step two if it "it significantly limits the claimant's 'physical or mental ability to do basic work activities.'"  *Ford v. Saul*, 950 F.3d 1141, 1148 (9th Cir. 2020) (citing 20 C.F.R. § 404.1522(a)).  Substantial evidence supports the ALJ's analysis of Wilson's impairments in light of this standard and the medical record.

Substantial evidence also supports the ALJ's conclusion at step three that none of Wilson's severe impairments met or medically equaled a listing.  Wilson points to the diagnoses she has received, but "the ALJ 'will not consider your impairment to be one listed in Appendix 1 solely because it has the diagnosis of a listed impairment.  It must also have the *findings* shown in the Listing of that impairment."  *Key v. Heckler*, 754 F.2d 1549–50 (9th Cir. 1985) (citing with emphasis 20 C.F.R. § 404.1525(d)).  Wilson does not challenge the ALJ's

2                                                                                    17-16254

conclusion that the relevant mandatory findings were not satisfied.

Wilson's claim that the ALJ ignored "medical opinions" is not supported by the record. Wilson's treatment records offered diagnoses and clinical findings, but none of Wilson's treating sources provided an opinion that contained the relevant assessment of her limitations and restrictions. The only opinions in the record were those of the state agency doctors who reviewed Wilson's records, and the psychologist who performed a consultative examination. Substantial evidence supports the ALJ's decision to give these opinions – none of which found a need for significant work restrictions – some weight in determining Wilson's residual functional capacity.

Wilson also argues that the ALJ wrongfully ignored the testimony of the vocational expert who, responding to Wilson's own hypothetical, opined that someone who needed frequent breaks amounting to half a day, and who missed a week of work each month, could not find competitive employment. An ALJ "is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence." *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (citation omitted). Because the medical record did not provide substantial evidence in support of these limitations, the ALJ was free to ignore the testimony

based on them. *See Magallanes v. Bowen*, 881 F.2d 747, 756–57 (9th Cir. 1989) ("The ALJ is not bound to accept as true the restrictions presented in a hypothetical question propounded by [claimant].")

Wilson claims that the ALJ did not develop the record with respect to her mental health conditions because nothing was done after she provided the agency with a one-page list of her new provider's diagnostic codes. But Wilson took no action to assure that records from her new provider were produced, despite being asked repeatedly about new evidence. An ALJ's duty to develop the record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001). Even if the ALJ had received the diagnostic codes, they would not have created an ambiguity or conflict with the other mental health evidence in the record. Accordingly, Wilson's "Motion for Adverse Inference" (Docket No. 7) is denied.

We do not reach Wilson's claim that she is entitled to Child Disability Insurance Benefits under Title II of the Social Security. This claim is waived because Wilson did not meaningfully raise it before the district court, *see Ford*, 950 F.3d at 1158 n.12, and because the record contains no medical evidence

17-16254

concerning Wilson's limitations prior to age 22.

**AFFIRMED.**